**SO ORDERED.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

Dated: October 29, 2021



## Minute Entry

*Madeleine C. Wanslee*
Madeleine C. Wanslee, Bankruptcy Judge

### Hearing Information:

| | |
|---|---|
| **Debtor:** | CHARLES MICHAEL COLBURN |
| **Case Number:** | 2:21-BK-05407-MCW    **Chapter:** 7 |
| **Date / Time / Room:** | MONDAY, OCTOBER 25, 2021 10:00 AM   7TH FLOOR #702 |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE |
| **Courtroom Clerk:** | TAYLER CARTER |
| **Reporter / ECR:** | MICHELLE RADICKE-STEVENSON |

### Matters:

1) CONTINUED EXPEDITED HEARING ON DEBTOR'S MOTION FOR INDICATIVE RULING PURSUANT TO FRBP 8008 AND MOTION TO STAY PROCEEDINGS PENDING DISMISSAL
   R / M #:  125 / 0

2) CONTINUED MEDMEN ENTERPRISES, INC 'S MOTION FOR RELIEF FROM STAY TO CONFIRM THE ABSENCE OF THE AUTOMATIC STAY OR , ALTERNATIVELY , RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH CONTEMPT PROCEEDING
   R / M #:  53 / 0

3) CONTINUED MEDMEN ENTERPRISES, INC'S MOTION TO AUTHORIZE ALTERNATIVE SERVICE ON   (I) ATEK BUSINESS SOLUTIONS, LLC, (II) EPIC SALES AND FINANCE, LLC, (III) US NATIONAL CORPORATE SERVICES, INC., AND (IV) STEVEN SMIGAY
   R / M #:  56 / 0

4) EXPEDITED HEARING ON MEDMEN ENTERPRISES, INC'S APPLICATION FOR ORDER  (I) TO SHOW CAUSE WHY THE DEBTOR SHOULD NOT BE HELD IN CONTEMPT OF COURT AND  (II) DIRECTING THE UNITED STATES MARSHAL TO APPREHEND THE DEBTOR PURSUANT TO RULE  2005, FED. R. BANKR. P.
   R / M #:  141 / 0

### Appearances:

SAMERA LUDWIG, ATTORNEY FOR CSI SOLUTIONS LLC, KANNABOOST TECHNOLOGY, INC.
MISTY WEIGLE, ATTORNEY FOR TRUSTEE
STEVEN D. JEROME, ATTORNEY FOR MEDMEN ENTERPRISES, INC
SIERRA MINDER, ATTORNEY FOR FOR CHARLES MICHAEL COLBURN
RANDY NUSSBAUM, ATTORNEY FOR CHARLES MICHAEL COLBURN
KENNETH NEELEY, ATTORNEY FOR CHARLES MICHAEL COLBURN
ELIZABETH C. AMOROSI, ATTORNEY FOR U.S. TRUSTEE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:21-BK-05407-MCW          MONDAY, OCTOBER 25, 2021 10:00 AM

## *Proceedings:*

**Matter 4:**

The Court reviewed the declaration of Mr. Colburn filed at docket #200. The Court notes Mr. Colburn indicated his availability on today's date for his 2004 exam but he is not present at this hearing, which he as ordered to attend. The Court questions why Mr. Colburn is not in attendance at today's hearing.

Mr. Nussbaum states that his client was informed of today's hearing. He does not recall that Mr. Colburn was required to appear by the Court's order.

COURT: THE COURT REVIEWS ITS ORDER SETTING THIS HEARING TO SHOW CAUSE FILED AT DOCKET #159 DIRECTING PERSONAL APPEARANCE AND QUESTIONS WHY THE DEBTOR HAS YET AGAIN VIOLATED A COURT ORDER AT DOCKET #150 TO FILE ALL REQUIRED BANKRUPTCY PAPERS.

Mr. Nussbaum expresses his discomfort filing the schedules without a wet signature.

COURT: THE COURT DISCUSSES MR. COLBURN'S NON-COMPLIANCE AND VIOLATION OF HIS DUTIES PURSUANT TO 11 U.S.C. §§ 341, 343, AND THE COURT'S ORDERS.

Mr. Nussbaum reviews the declaration. He discusses General Order 21-1. He states the papers he has drafted invoke the Debtor's fifth amendment rights and make clear a connection to cannabis.

COURT: THE COURT DOES NOT HAVE SUFFICIENT INFORMATION ON THIS RECORD TO DETERMINE THE ALLEGED CONNECTION BETWEEN DEBTOR AND THE CANNABIS INDUSTRY.

Mr. Nussbaum believes the case is moving on an accelerated basis. He thinks Mr. Colburn will appear at the scheduled 341 meeting.

COURT: THE COURT DISCUSSES MR. COLBURN'S NON-COMPLIANCE WITH BANKRUPTCY RULE 1007.

Mr. Nussbaum responds to the Court's questions. He cannot commit to a date certain of document production. He questions video conference capabilities in a foreign country.

Ms. Weigle reports that certain property of the Debtor that is the subject of his litigation was sold on September 30, 2021 despite the Trustee's filed lis pendens. She responds to the Court's questions and indicates that the Trustee will make a claim against the title company. Given the lack of documents from Debtor she believes the 341 meeting will be set for the fifth time during this chapter 7 case.

Ms. Amorosi has nothing to add on behalf of the U.S. trustee.

Ms. Ludwig has nothing to add on behalf of her client.

Mr. Jerome states the Debtor is in violation of three Court orders. He believes the parties have not made progress in the case. He questions Mr. Colburn's sparse monthly income and his traveling expenses. He does not believe Mr. Colburn is residing outside of the U.S. and requests the Court grant the motion.

# Minute Entry

(continue)... 2:21-BK-05407-MCW        MONDAY, OCTOBER 25, 2021 10:00 AM

COURT: THE COURT DESCRIBES HOW MR. COLBURN'S NON-COMPLIANCE WITH THE RULES, THE CODE, AND THIS COURT'S ORDERS MAKES IT APPEAR TO THE COURT THAT DEBTOR INTENTIONALLY AND KNOWINGLY REFUSES TO COMPLY. THE COURT NOTES IT HAS NOT RECEIVED MOTIONS SEEKING AFFIRMATIVE RELIEF OR DOCUMENTS UNDER SEAL THAT COULD PROVIDE TRANSPARENCY, DESPITE REPEATED SUGGESTION FOR THE SAME. FOR THE REASONS STATED ON THE RECORD AND IN THE APPLICATION, IT IS ORDERED GRANTING MEDMEN ENTERPRISES, INC'S REQUEST FOR ORDER TO SHOW CAUSE WHY THE DEBTOR SHOULD NOT BE HELD IN CONTEMPT. THE COURT WILL ISSUE AN ORDER DIRECTING THE UNITED STATES MARSHALS SERVICE TO APPREHEND THE DEBTOR PURSUANT TO FED. R. BANKR. P. 2005. THE COURT DIRECTS MR. JEROME TO UPLOAD A FORM OF ORDER CONSISTENT WITH THE APPLICATION.

**Matter 3:**

The Court reviewed MedMen Inc's documents.

Mr. Jerome responds to the Court's questions. There are no formal objections. He notes service upon Mr. Smigay but that his office received a letter of objection from Mr. Smigay.

Mr. Nussbaum's client has no position on the motion.

Ms. Ludwig has nothing to add.

COURT: IT IS ORDERED GRANTING MEDMEN ENTERPRISES, INC'S MOTION TO AUTHORIZE ALTERNATIVE SERVICE ON (I) ATEK BUSINESS SOLUTIONS, LLC, (II) EPIC SALES AND FINANCE, LLC, AND (III) US NATIONAL CORPORATE SERVICES, INC. THE COURT DIRECTS MR. JEROME TO PROVIDE A COPY OF ANY SUBPOENA OF THE PARTIES TO MR. NUSSBAUM. TO THE EXTENT THERE IS A DISCOVERY DISPUTE WITH MR. SMIGAY, THE COURT ADVISES MR. JEROME TO REVIEW THE LOCAL RULES AND ITS PROCEDURES PAGE AND, IF APPROPRIATE, REQUEST AN INFORMAL CONFERENCE WITH THE COURT. THE COURT DIRECTS MR. JEROME TO UPLOAD A FORM OF ORDER.

**Matter 2:**

Mr. Jerome states MedMen Enterprises, Inc is not seeking universal stay relief. He discusses the Debtor's objection.

Ms. Weigle confirms the Trustee has no objection to reopening the state court contempt proceedings.

Mr. Nussbaum's client is willing to litigate in state court. He states if the case is dismissed, the parties will proceed into state court.

Ms. Ludwig was not aware the Debtor filed a motion to lift the stay in its entirety.

Ms. Weigle states Mr. Colburn's claims against third parties are property of the bankruptcy estate.

Mr. Jerome clarifies the claim asserted is not the Debtor's. He refers the Court to paragraph 23 in the stay relief motion filed by Mr. Neeley.

COURT: THE COURT REVIEWED THE PARTIES' DOCUMENTS. THE COURT CITES CASE LAW. THE COURT STATES CIVIL CONTEMPT SANCTIONS INTENDED TO DETER LITIGATION MISCONDUCT ARE INCLUDED IN 11 U.S.C. § 362(b)(4) EXCEPTION. THE COURT FINDS AND CONCLUDES PROCEEDINGS IN NON-BANKRUPTCY COURTS FOR LITIGATION MISCONDUCT ARE EXEMPT FROM THE AUTOMATIC STAY. IT IS ORDERED GRANTING THE MOTION TO CONFIRM THE ABSENCE OF THE AUTOMATIC STAY OR, ALTERNATIVELY, RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH THE CONTEMPT PROCEEDING.

**Matter 1:**

COURT: THE COURT IS INCLINED TO HOLD THE MOTION IN ABEYANCE UNTIL IT RECEIVES COMPLIANCE FROM THE DEBTOR.

Mr. Nussbaum agrees with the Court.

Mr. Jerome suggests the Court deny the motion without prejudice.

Mr. Nussbaum argues that the Court should keep the motion on the calendar.

COURT: IT IS ORDERED SETTING A STATUS HEARING ON THE MOTION ON 01-11-2022 AT 10:00 AM.

Mr. Neeley notes that his office has two motions pending.

COURT: THE COURT WILL REVIEW MR. NEELEY'S PENDING MOTIONS. FROM THE TIME RECORDS SUBMITTED IT APPEARS TO THE COURT THAT MR. NEELEY PRIMARILY CONFERRED WITH THE DEBTOR'S STATE COURT LITIGATION COUNSEL RATHER THAN DIRECTLY WITH THE DEBTOR.

Mr. Neeley states that the Court's assessment is fair. He explains strategic decisions were discussed with Mr. Colburn's counsel in state court.

**SUBSEQUENTLY THE COURT SUPPLEMENTS ITS ORAL RULING:** The Court held a hearing on September 3, 2021 on Movant's First OSC Application concerning Debtor's failure to comply with the Court's July 21, 2021 Order Granting Application for Debtor's 2004 Examination and Document Production. In open court, after conferring with Debtor's counsel about when certain tasks could reasonably be accomplished, this Court ordered Debtor to, among other things, (i) "produce all documents responsive to the Rule 2004 Order to MedMen [Movant] on or before September 10, 2021", (ii) "file and/or produce all documents in connection with this Bankruptcy Case, including all schedules and statements of financial affairs, on or before September 10, 2021", and (iii) "appear for an oral

# Minute Entry

(continue)... 2:21-BK-05407-MCW           MONDAY, OCTOBER 25, 2021 10:00 AM

examination pursuant to Rule 2004 Order on or before September 16, 2021." Those directives were later memorialized in the Court's written September 9, 2021 Contempt Order. Dkt. 129. The Debtor, however, failed to produce any documents, appear at an exam, or file any additional schedules or the statement of financial affairs as also ordered at that hearing.

On September 17, 2021, the Court issued another order at docket #150 directing Debtor to comply with his duties and requirements under the Bankruptcy Code and Rules by September 22, 2021, as well as comply with the July 21, 2021 Order Granting Application for Debtor's 2004 Examination and Document Production.

By a separate Order dated September 22, 2021 at docket #159, the Court set a hearing on movant's Second OSC Application and ordered Debtor to personally appear via telephone before the Court to explain why he should not be held in contempt for failing and refusing to comply with the 2004 Exam Order and other orders. Counsel for both Movant and Debtor were directed to, and did, serve the Order on Debtor so that he would know that he was required to appear at the October 25, 2021 hearing on the Second OSC Application.

Debtor failed to appear on October 25. And he failed to otherwise comply with the Court's outstanding orders. Debtor's attorneys could not explain Debtor's failure to appear. Debtor has not yet produced any of the requested documentation or given other formal response. Nor has Debtor appeared for his deposition or at any of the three 341(a) meetings that have been scheduled during this chapter 7 case. A fourth 341(a) meeting is scheduled for October 26, 2021, but Debtor still has not filed his Statement of Financial Affairs and his skeletal Schedules have already been found woefully deficient. Trustee's counsel has advised that the October 26, 2021 341(a) Meeting will in all probability be continued to yet a fifth date. Debtor has not sought relief from any of this Court's Orders. Debtor's Declaration filed October 21,2021 was devoid of meaningful detail and raised more questions than answers. It also misstated the record. Debtor states in conclusory fashion that he wants to comply with Court orders but cannot. However, he has not provided to the Court any detail or meaningful information about his circumstances, or even sought to provide such information under seal as the Court has previously suggested.

The Court has already found the Debtor in civil contempt. Despite that finding, the Debtor continues to willfully, intentionally, and knowingly refuse to comply with the Court's Contempt Order and other orders. Other than vague, uncorroborated, and self-serving statements, he provides no excuse or justification to explain why he cannot comply. He also failed and refused to personally appear at this latest hearing. Accordingly, the Debtor is also in contempt of this Court's Contempt Order and the September 22, 2021 order directing Debtor's personal appearance. For these reasons and the reasons stated on the record, the Movant's Second OSC Application is granted and this Court orders (i) Debtor to produce all documents responsive to the Rule 2004 Order within five business days of the entry of an order granting the Second OSC Application (rather than two days as requested), (ii) that should Debtor fail to comply with the order granting the Second OSC Application, that the US Marshals Service shall be directed to apprehend and incarcerate Debtor under FRBP 2005, (iii) that Movant may recover it's reasonable attorneys' fees and costs incurred in connection with the Second OSC Application, upon the filing of a proper application, and (iv) directing the United States Marshals Service to apprehend Debtor and bring him before this Court pursuant to FRBP 2005, so that the Debtor can be examined under FRBP 2004.