
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 7 Proceedings |
|---|---|
| CHARLES MICHAEL COLBURN, | Case No.: 2:21-bk-05407-MCW |
| Debtor. | **PROTECTIVE ORDER** |

Based on the *Stipulation re Protective Order* (the "Stipulation") filed by David M. Reaves, the duly appointed Chapter 7 trustee ("Trustee") for Debtor Charles Michael Colburn's (the "Debtor") bankruptcy estate, MedMen Enterprises, Inc. ("MedMen"), and National Financial Services, LLC ("NFS" or "Producing Party"), and for good cause appearing therefore,

**IT IS HEREBY ORDERED**:

1. The documents or information produced by the Producing Party in response to (1) the *Order Granting Application for National Financial Services, LLC's Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004* entered on September 22, 2021 in the above referenced case at Dkt. No. 161 (the "Rule 2004 Order") and (2) the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* dated September 23, 2021 (the "Subpoena"), and that contain: personal or business information that is of a highly sensitive or confidential nature may be marked "CONFIDENTIAL" and shall generally be referred to as "Confidential Information."

2. The Producing Party shall not designate material as "CONFIDENTIAL" unless the Producing Party's counsel believes in good faith that the designated material is

entitled to protection as set forth in paragraph 1 above.

3. With respect to all documents or information produced by the Producing Party for inspection and copying and which are designated as "CONFIDENTIAL" by the Producing Party, the documents and the information contained therein shall be kept confidential, and shall not be communicated in any manner, either directly or indirectly, to any person or other entity other than:

a. The outside counsel of record in this action and their respective associates, clerks, legal assistants, support personnel, and other employees or agents of such outside counsel;

b. The receiving party, and its employees, representatives, attorneys, and agents whose use of such documents is reasonably necessary to any legal proceeding, including, but not limited to, the above-captioned case, involving the Debtor;

c. Independent experts and consultants, and the employees or agents of such experts and consultants who are assisting them, retained or consulted by any party for the purpose of assisting counsel or a party in any legal proceeding, including, but not limited to, the above-captioned case, involving the Debtor, and subject to such independent expert and/or consultant agreeing to the terms of this Protective Order;

d. The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated; and

e. Such other persons as hereafter may be designated by written agreement of all parties to this Protective Order or by order of the Court permitting such disclosure. Nothing in this Protective Order shall limit the receiving party's right to disclose Confidential Information during any deposition of any employee or agent of the Producing Party subject to the other requirements of this Protective Order.

Case 2:21-bk-05407-MCW    Doc 267    Filed 12/06/21    Entered 12/06/21 07:34:11    Desc
Main Document    Page 2 of 6

Furthermore, the documents and things, and the information contained therein, shall be received and used only for purposes related to any legal proceeding, including, but not limited to, the above-captioned case, involving the Debtor and not for any other purpose.

4. In the event that the disclosure of documents or information subject to this Protective Order is likely to be disclosed during the course of a deposition, then counsel for the party from whom such information is likely to be sought may designate certain types of Confidential Information at the outset of the deposition or during the course of the deposition. When making such a designation, counsel for the party conducting the deposition shall direct the court reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "CONFIDENTIAL" as appropriate.

5. In the event that any party wishes to file pleadings, motions or other papers with the Court that contain or disclose documents or materials that are designated as "CONFIDENTIAL" whether the actual confidential document is filed or information from such is simply referenced, counsel for the party filing such document shall move for leave to file the document under seal pursuant to this Protective Order. While any such motion for leave to file under seal is pending, counsel for the party seeking to file such document under seal will provide a service copy to counsel for the other parties to this Protective Order.

6. Information identified or designated as "CONFIDENTIAL" in accordance with this Protective Order may be disclosed in testimony at any trial in this action or offered in evidence at any trial in this action, subject to the Federal Rules of Evidence and subject to such further order as this Court may enter.

7. Acceptance by a party of any document or information designated as "CONFIDENTIAL" hereunder shall not constitute a concession that the information, document, or thing is "confidential information" as that term is defined by controlling legal authority.

8. Those documents, deposition transcripts, or other information designated as

"CONFIDENTIAL" and all copies thereof, shall be retained at the offices of counsel for the receiving party and shall not be disclosed except as set forth in this Protective Order.

9. If the receiving party disagrees with the designation of the document as "CONFIDENTIAL", the receiving party shall request in writing that the Producing Party re-designate such document within thirty (30) calendar days of receipt (the "<u>Re-designation Notice</u>"). Within seven (7) calendar days of receipt of the Re-designation Notice from any receiving party, the Producing Party shall either: (i) re-designate the document as not confidential and inform the receiving party of such re- designation; or (ii) set forth in writing and transmit to the receiving party the reasons why the Producing Party contends that such document should be considered confidential (the "<u>Response Notice</u>"). If the receiving party and the Producing Party are unable to satisfactorily resolve the dispute within seven (7) calendar days from the transmittal of the Response Notice (during which time the parties shall meet and confer), then the dispute shall be resolved pursuant to the Court's discovery dispute resolution procedures. At all times it shall be the burden of the Producing Party to demonstrate and prove that the that the document is entitled to "CONFIDENTIAL" status.

10. If through inadvertence, error, or oversight, the Producing Party fails to properly designate a document or information as "CONFIDENTIAL" at the time of production or disclosure, the Producing Party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s) or information to be reclassified. Thereafter, the receiving party shall treat such document(s) or information in the same manner as if it had been properly designated originally. The receiving party shall have thirty (30) calendar days from the receipt of such notice of classification to object to such reclassification in writing. Upon such an objection being timely made, the parties shall have seven (7) calendar days to resolve the dispute (during which the parties shall meet and confer), and, if the parties are unable to satisfactorily resolve the dispute, the dispute shall be resolved pursuant to the Court's discovery dispute resolution procedures. The Producing Party has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status. Until such a

ruling is made by this Court, the receiving party shall treat such document(s) or information in the same manner as if it had been originally designated or classified as "CONFIDENTIAL" in accordance with the procedure set forth above.

11. If any party that has obtained Confidential Information under the terms of this Protective Order receives a subpoena or other legal process commanding the production of any such documents or information, such party or person shall promptly notify the Producing Party. The party or person receiving the subpoena or other legal process shall not produce any Confidential Information in response to the subpoena without either the prior written consent of the Producing Party or an order of a Court of competent jurisdiction. However, the Producing Party shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

12. By making information and documents designated as "CONFIDENTIAL" available for use in this action, the Producing Party has not waived or compromised the confidentiality, protectability, or privilege of the information or documents.

13. Nothing in this Protective Order shall:
   a. Limit a receiving party's use of documents and information obtained other than from the Producing Party pursuant to the Subpoena and/or Rule 2004 Order;
   b. Limit the right of the Producing Party to disclose documents designated as "CONFIDENTIAL" produced by the Producing Party, such disclosure not being subject to the protective procedures set forth in this Protective Order;
   c. Limit, expand, or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to the Federal Rules of Bankruptcy Procedure; or
   d. Limit or restrict the right of any party to attach to or incorporate the content

| | |
|---|---|
|1| of any Confidential Information in any paper filed with the Court in |
|2| compliance with paragraph 4 of this Protective Order or to show a deponent |
|3| at a deposition a document that has been designated "CONFIDENTIAL", |
|4| subject to the provisions and protections afforded by this Protective Order. |

14. This Protective Order shall be in effect upon execution by counsel for the Producing Party, the Trustee, and MedMen. The Producing Party, the Trustee, and MedMen agree to be bound by the terms of this Protective Order pending its adoption or supplementation by the Court.

15. The provisions of this Protective Order may be modified only by order of the Court. Any party is free to request such modification.

**DATED AND SIGNED ABOVE**

4856-4554-6755