**SO ORDERED.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

Dated: December 22, 2021



## Minute Entry

*Madeleine C. Wanslee*
Madeleine C. Wanslee, Bankruptcy Judge

### *Hearing Information:*

**Debtor:** CHARLES MICHAEL COLBURN

**Case Number:** 2:21-BK-05407-MCW  **Chapter:** 7

**Date / Time / Room:** TUESDAY, DECEMBER 21, 2021 10:30 AM VIDEO CONF HRGS
**Bankruptcy Judge:** MADELEINE C. WANSLEE
**Courtroom Clerk:** TAYLER CARTER
**Reporter / ECR:** MICHELLE RADICKE-STEVENSON

### *Matter:*

TRUSTEE'S MOTION TO APPROVE COMPROMISE/SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019 TO APPROVE SETTLEMENT AGREEMENT WITH MEDMEN ENTERPRISES , INC
**R / M #:** 238 / 0

### *Appearances:*

RANDY NUSSBAUM, ATTORNEY FOR CHARLES MICHAEL COLBURN
SIERRA MINDER, ATTORNEY FOR CHARLES MICHAEL COLBURN
J. CHRISTOPHER GOOCH, ATTORNEY FOR CHARLES COLBURN
ANTHONY AUSTIN, ATTORNEY FOR CHARLES COLBURN
DAVID REAVES, TRUSTEE
ELIZABETH C. AMOROSI, ATTORNEY FOR U.S. TRUSTEE
STEVEN D. JEROME, ATTORNEY FOR MEDMEN ENTERPRISES, INC
SAMERA LUDWIG, ATTORNEY FOR CSI SOLUTIONS LLC, KANNABOOST TECHNOLOGY, INC.

# Minute Entry

(continue)... 2:21-BK-05407-MCW            TUESDAY, DECEMBER 21, 2021 10:30 AM

## *Proceedings:*

Mr. Reaves states the Trustee's position.

Mr. Jerome argues MedMen Enterprises, Inc's position.

Mr. Nussbaum argues Debtor's position.

Ms. Amorosi argues the U.S. trustee's position.

COURT: THE COURT GRANTS THE MOTION FOR THE REASONS STATED ON THE RECORD AND WILL ISSUE A MINUTE ENTRY ORDER.

**SUBSEQUENTLY THE COURT SUPPLEMENTS ITS ORAL RULING :** After considering the papers and arguments of counsel, the Court finds and concludes that the settlement should be approved because (1) the Debtor lacks a probability of success on the state court claims (exacerbated by Debtor's lack of credibility and general refusal to cooperate with the Trustee along with the possibility that the state court may strike Debtor's papers), (2) litigating the state court claims would be complex, expensive, and inconvenient, and (3) approving the settlement is in the best interests of the estate, creditors, and other parties in interest.

Notice of the settlement was appropriately given by the Trustee and the Bankruptcy Noticing Center to all creditors and parties in interest as set forth on Debtor's mailing list (Dkt. Nos. 252 and 255).  Debtor is responsible for the accuracy and completeness of the master mailing list and any supplement.  FRBP 1007.

The settlement, which is for the full amount Debtor estimated the liabilities of the estate to be when he filed his petition, is fair and reasonable under the circumstances. And the paramount interests of the creditors, giving proper deference to their reasonable views even if this is primarily a two-party dispute, also support approving the settlement.  The Court overrules the objections to the settlement and finds that the Trustee and MedMen entered into the agreement in good faith and that the Trustee's entry into the settlement does not violate the Controlled Substances Act (CSA).

Should the Trustee take over the litigation, he will require Debtor's assistance to prosecute the claims.  Unfortunately, Debtor's cooperation is unlikely and his credibility is lacking.  The facts of this case, which Debtor voluntarily filed on July 13, 2021, are a moving target, and at times appear to change to fit the circumstances of the moment.  For example, shortly after this case was filed Debtor and his counsel claimed that he has insufficient contacts with the marijuana-related industry to make him ineligible to be a Chapter 13 debtor.  Now that the case has been converted, he vehemently claims otherwise.  These later conclusory claims are uncorroborated by the record.  Debtor's unreliability and lack of credibility is also evidenced by his lengthy delay and ultimate failure to file complete schedules and statement of financial affairs coupled with his ever-changing and clearly contradictory positions.

Debtor's arguments that the settlement violates the CSA were undeveloped and conclusory at best.  Despite repeated request for explanation, the objectors were unable to articulate an application of  the CSA to the present facts.  Further, no party provided applicable  legal authority showing that the Trustee's settlement of three Note

Claims and three Securities Fraud Claims violates the CSA. Instead, the cases cited were distinguishable. The Court notes, however, that one of the cited cases acknowledges that the Ninth Circuit has been reluctant "to adopt a per se bright-line rule requiring the immediate disposition of bankruptcy cases in which marijuana activity is present. . ." and that "the mere presence of marijuana near a bankruptcy case does not automatically prohibit a debtor from bankruptcy relief." *In re Burton*, 610 B.R. 633, 637 (9th Cir. BAP 2020). Here, there is an attenuated relationship between the facts of this case and the CSA. There is no evidence that the Trustee would be administering assets that are illegal or proceeds from illegal activity.

The plain language of the CSA makes clear that the activities the Trustee asks this Court to approve — i.e., his settlement of the state court claims — do not violate the CSA. See 21 U.S.C. § 841(a)(1). Neither the litigation (of the securities fraud issues or negotiable instruments) nor the settlement involves marijuana or any violation of or conspiracy to violate the CSA. "By definition, manufacture, distribute, and dispense do not include the act of purchasing a security off the secondary market. Therefore, securities purchases, [and litigation involving securities purchases, or securities fraud,] should not be an offense that rises to the level of the basic prohibited activity under the CSA." Joshua Horn & Ellis Martin, *Compliance Issues with Cannabis Company Investments*, NSCP Solutions (Sept. 2020).

Debtor has repeatedly asserted throughout this case that he or the Trustee held the litigation claims, rendering them property of the estate. These judicial admissions were:

1. under oath (Schedules A/B filed August 23, 2021; 341 First Meeting of Creditors on October 26, 2021);
2. in pleadings (Debtor's Motion to Modify the Automatic Stay at Dkt. No. 92; Objection to Emergency Motion to Convert Case to Chapter 7 Proceedings at Dkt. No. 35; Objection to Motion to Confirm the Absence of the Automatic Stay or, Alternative, Relief from the Automatic Stay to Proceed with Contempt Proceeding at Dkt. No. 93); and
3. through Debtor's various attorneys' admissions (September 3 and October 20, 2021 Hearing Transcripts at Dkt. Nos.169 and 231).

After the Trustee filed the settlement motion, Debtor amended his schedules and now disavows any such interest, instead asserting that the claims cannot be settled because they belong to his employer Unisys Technical Solutions, LLC. Based on the information provided at this hearing, Debtor has, or recently had, an interest in Unisys, but the Court notes that Unisys is not disclosed as a business of which Debtor held an interest within the past four years on SOFA # 27. On December 10, 2021, Debtor also produced an assignment of the litigation claims with "/s/" typed signatures dated as of January 20 2021, which preceded the case filing.

Given Debtor's ever-changing information, to which version of the facts should the Court give weight? Having repeatedly asserted that the litigation claims are part of this bankruptcy case, and having failed to previously produce this assignment document despite discovery requests, Debtor is now judicially estopped from asserting otherwise.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:21-BK-05407-MCW         TUESDAY, DECEMBER 21, 2021 10:30 AM

In sum, the Court finds and concludes that entering into the settlement is a reasonable exercise of the Trustee's business judgment. The settlement of the litigation does not run afoul of the CSA, nor does the settlement payment require the Trustee to administer assets that are illegal under the CSA or constitute proceeds from activity criminalized by the CSA. While the Court may not be in a position to release claims that may be held by the purported assignee, Unisys Technical Solutions, LLC, if that entity actually holds any valid claims based on the assignment that was purportedly completed in January 2021, Debtor is estopped from playing a shell game in this Court. The Court therefore approves the settlement as proposed by the Trustee, with the condition that such settlement is for the settlement of Debtor's claims that constitute property of the estate.

HONORABLE MADELEINE C. WANSLEE
DATED AND SIGNED ABOVE