SO ORDERED.

Dated: March 25, 2022



_Madeleine C. Wanslee_
**Madeleine C. Wanslee, Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CHARLES MICHAEL COLBURN,<br><br>                Debtor. | Chapter 7 Proceedings<br><br>Case No. 2:21-bk-05407-MCW<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR ORDER DENYING EMERGENCY MOTION FOR INDICATIVE RULING PURSUANT TO FRBP 8008 AND MOTION TO STAY PROCEEDINGS PENDING DISMISSAL** |

In connection with the *Order Denying Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal*,[1] the Court makes the following findings of fact and conclusions of law:

**THE COURT HEREBY FINDS** that:

    1.    On July 20, 2021, MedMen Enterprises, Inc. filed an *Emergency Motion to Convert Case to Chapter 7 Proceeding* [Dkt. No. 16] (the "Conversion Motion") on grounds

---

[1] Debtor's original counsel filed the *Motion for Indicative Ruling* [Dkt. 124] and it was set for an accelerated hearing. Debtor failed to file essential case documents despite express Code and Rule requirements, and this Court's orders. Believing that the required documents and information would soon be filed, the Court continued the hearing [Dkt. 150].

Debtor is now represented by his third bankruptcy counsel. The Court remains concerned about the Debtor's failure to file complete and meaningful required documents in this case. See January 6, 2022 Minute Entry at Dkt. No. 301. The Court has also repeatedly raised the issue of the docket listing an invalid address for the Debtor, and Debtor's failure to file a change of address with the Clerk.

The Court now decides the Motion for Indicative Ruling to finally clear its docket, even though the directive to complete the required documents has not been fully accomplished, and no change of address has been filed.

1. that Debtor was not eligible for relief under Chapter 13 and because the case was filed in bad faith.

2. On July 27, 2021, the Debtor filed his *Objection to Emergency Motion to Convert Case to Chapter 7 Proceeding* [Dkt. No. 35] (the "<u>Conversion Objection</u>").

3. Debtor's Conversion Objection argued that he was eligible for Chapter 13 relief, and that he should be able to remain a Chapter 13 debtor and proceed with his Chapter 13 case.

4. Alternatively, in response to MedMen's argument that cause existed to convert the Debtor's case under 11 U.S.C. § 1307(c), the Debtor's Conversion Objection argued that if the Court found cause to exist under 11 U.S.C. § 1307(c), the Court should elect to dismiss this case as opposed to convert to Chapter 7.

5. The Conversion Objection did not cite to 11 U.S.C. § 1307(b) or request with particularity dismissal of this case pursuant to 11 U.S.C. § 1307(b).

6. At the hearing on MedMen's Conversion Motion on July 30, 2021 (the "<u>Conversion Hearing</u>"), the Debtor, through counsel, argued that the Debtor was eligible for Chapter 13 relief, and that the Debtor should be able to remain a Chapter 13 debtor and proceed with the Debtor's Chapter 13 case.

7. Alternatively, Debtor's counsel argued at that time that if the Court found cause to exist under 11 U.S.C. § 1307(c), the Court should elect to dismiss this case as opposed to convert to Chapter 7.

8. Debtor's counsel did not cite to 11 U.S.C. § 1307(b) in either his Conversion Objection or at the Conversion Hearing, and based on the context of the papers and the statements of counsel at that time, the sole issue being argued was conversion or dismissal under 11 U.S.C. § 1307(c).

9. Debtor's counsel did not make an oral motion to dismiss this case at the Conversion Hearing based on a theory not previously identified in the Conversion Objection, or otherwise indicate that he was making an argument based on anything other than 11 U.S.C. § 1307(c).

10. As the Bankruptcy Appellate Panel of the Ninth Circuit has recently found, a motion to dismiss must be properly brought to the court for it to consider the motion, and even with a dismissal under 11 U.S.C. § 1307(b), the "absolute right" to dismiss a Chapter 13 case does not mean that the court cannot impose a remedy of dismissing the case with prejudice. *In re Duran*, 630 B.R. 797, 811, 814 (9th Cir. BAP 2021) (It is required for a movant, even the debtor, when filing a motion to dismiss under § 1307 to follow the proper procedural steps under Bankruptcy Rule 1017(f) in order for the issue to be squarely before the court, otherwise "argumentative fulminations [by either creditors or the debtor], without making a procedurally correct motion, are no more than invitations to the court to act sua sponte."). In this case, the Debtor did not even get to the point of an argumentative fulmination concerning an assertion of a dismissal "as of right" under the Code. The Debtor did not say he would file a motion to dismiss as of right under § 1307(b) in the future, or otherwise attempt to invoke subsection (b) at the oral argument. Instead, in the context of making arguments under subsection (c), the Debtor's counsel stated if the Court decided there was cause to convert or dismiss, the Court should dismiss this case. A critically important distinction is that under subsection (b) of 1307, cause is not a required element, and the Court does not make a decision to either convert or dismiss.

11. On August 6, 2021, this Court entered an order converting the Debtor's case to Chapter 7. *See* Dkt. No. 49 (the "Conversion Order").

12. Unlike the debtor in *In re Nichols*, 10 F.4th 956 (9th Cir. 2021), before the Court entered the Conversion Order, the Debtor here did not either make an oral motion to dismiss this bankruptcy case under 11 U.S.C. § 1307(b), or file a motion to dismiss the bankruptcy case under 11 U.S.C. § 1307(b).

13. On August 20, 2021, the Debtor appealed the Conversion Order (the "Appeal"). *See* Dkt. No. 78.

14. Based on the arguments made at the hearing on the Debtor's *Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings*

*Pending Dismissal*, the Court makes the following additional findings concerning whether the Debtor is entitled to a stay of the proceedings:

    a.    The Debtor has not shown a likelihood of success on the merits of the Appeal.

    b.    The Debtor has failed to establish that he will suffer irreparable harm absent this Court granting the Debtor's request to stay this bankruptcy case pending the Appeal.

    c.    Respondents have established that creditors and other parties in interest will suffer substantial harm if this Court grants the Debtor's request for a stay of this bankruptcy case pending the Debtor's Appeal.

    d.    Further, the Debtor has not shown how the public interest would support this Court granting the Debtor's request for a stay of this bankruptcy case pending the Debtor's Appeal.

**BASED ON THE FOREGOING, THE COURT HEREBY CONCLUDES** that:

1. The Debtor did not make a motion to dismiss this bankruptcy case under 11 U.S.C. § 1307(b) as required under Federal Bankruptcy Rule of Procedure 1017(f)(2) before the Court entered the Conversion Order.

2. The Debtor did not invoke his right to dismiss this bankruptcy case under 11 U.S.C. § 1307(b), either in writing or orally, before the Court entered the Conversion Order.

3. The Debtor has not met his burden to obtain a stay of this bankruptcy case pending the Appeal.

**DATED AND SIGNED ABOVE**