**REAVES LAW GROUP**
A PROFESSIONAL CORPORATION

2999 North 44th Street, Suite 515
Phoenix, Arizona 85018
Telephone (602) 241-0101
Facsimile (602) 241-0114

David M. Reaves
dreaves@reaves-law.com
State Bar No. 011677

Misty Weniger Weigle
mweigle@reaves-law.com
State Bar No. 027222

Attorneys for David M. Reaves,
   Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>CHARLES MICHAEL COLBURN,<br><br>　　　　　　　　Debtor. | Case No.: 2:21-bk-05407-MCW<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION FOR TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542 (THE BURGESS LAW GROUP)** |

David M. Reaves ("Trustee"), duly appointed Chapter 7 Trustee for the bankruptcy estate of debtor Charles Michael Colburn (the "Debtor"), respectfully requests an order of this Court pursuant to 11 U.S.C. § 542 compelling The Burgess Law Group ("BLG") to turnover property of this bankruptcy estate to the Trustee. BLG is in possession of the sum of $20,000.00, paid post-petition as a retainer by the Debtor from estate property. While the funds were paid by the Debtor to BLG through an entity by the name of VDEC

1

Manufacturing, LLC ("VDEC"), the funds were placed into the VDEC bank account pre-petition by the Debtor and from the Debtor's personal bank account at Navy Federal Credit Union. The funds constitute property of this bankruptcy estate and must be turned over to the Trustee.

Trustee's Motion is as follows:

1. On July 13, 2021, the Debtor filed a Voluntary Chapter 13 bankruptcy petition. On August 6, 2021, this case was converted to a case under Chapter 7 of the Bankruptcy Code, and Trustee was appointed as Chapter 7 trustee.

2. VDEC was formed on or about October 5, 2017, as an Arizona limited liability company, with the Debtor being a member and manager. A true and correct copy of the VDEC Articles of Organization filed with the Arizona Corporation Commission is attached as Exhibit "A."

3. Thereafter, on or about May 1, 2018, the Debtor opened a bank account at BMO Harris Bank, N.A. ("BMO"), in the name of VDEC (the "VDEC Bank Account"). The Debtor was originally one of two signatories on the VDEC Bank Account, along with a Stephen M. Vigueria. On or about November 14, 2018, Stephen M. Vigueria was removed as a signatory on the account, and from and after that date, the Debtor was and has been the sole signatory on the VDEC Bank Account. A true and correct copy of the VDEC Bank Account signature cards dated May 1, 2018, and November 14, 2018, are attached as Exhibit "B."

4. Prior to the filing of the petition, the Debtor was involved in litigation with MedMen Enterprises, Inc. ("MedMen") in the Maricopa County Superior Court, Case No. CV2020-006195 ("State Court Action").

5.  On March 11, 2021, judgement was entered in the State Court Action in MedMen's favor in the minimum amount of $10,384,288.00, representing surplus proceeds from the sale of MedMen's property ("Judgment"), among other things.

6.  On April 23, 2022, the Debtor deposited a check in the sum of $132,000.00 from his personal account at Navy Federal Credit Union, into an account at BMO Harris Bank, N.A., held in the name of VDEC (the "VDEC Bank Account"). True and correct copies of the VDEC Bank Account statements for April, May, June, July and August of 2021 are attached as Exhibit "C"; a true and correct copy of the deposit transaction sheet, with a copy of the $132,000.00 check from Navy Federal Credit Union, is attached as Exhibit "D."

7.  Immediately prior to the filing of the petition herein, on July 2, 2021, Articles of Termination were filed on behalf of VDEC. A true and correct copy of the VDEC Articles of Termination filed with the Arizona Corporation Commission is attached as Exhibit "E." Those Articles of Termination state as follows: "SIGNATURE CONCERNING PROPERTY AND ASSETS—by the signature appearing below, the limited liability company named above affirms or certifies under penalty of perjury that all of its known properties and assets have been applied and distributed pursuant to chapter 7, title 29 of the Arizona Revised Statutes."

8.  At the time of filing of the VDEC Articles of Termination on July 2, 2022, the VDEC Bank Account held $114,378.36. *See* Exhibit "C." After July 2, 2022, the Debtor continuing to use the VDEC Bank Account for his own personal purposes and expenses. *See* Exhibit "C."

9.  As of the filing of the petition and conversion of this case to Chapter 13 on August 6, 2022, the Debtor held funds in the sum of $76,830.36 in the VDEC Bank Account. *See* Exhibit "C."

10. On August 20, 2021, the Debtor paid BLG the sum of $20,000.00 from the VDEC Bank Account. A true and correct copy of the VDEC check, signed by the Debtor and payable to BLG, is attached as Exhibit "F."

11. 11 U.S.C. § 541(a) provides that all legal or equitable interests in property of the debtor as of the commencement of the case becomes property of the bankruptcy estate, including all community property of the debtor and debtor's spouse that is under the sole, equal or joint management of the debtor, or that is liable for a claim against the debtor or for a claim against the debtor and debtor's spouse, among other things.

12. Section 521(a)(3) requires the debtor to cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties.

13. Section 521(a)(4) requires the debtor to surrender to the trustee all property of the estate and any recorded information, including books, documents, records and papers, relating to property of the estate.

14. Section 542(a) requires any entity in the possession, custody or control of estate property to deliver that property to the trustee, among other things.

15. From the above, the funds held in the VDEC account as of the date of filing are funds directly traceable to the Debtor's personal bank account at Navy Federal Credit Union.

16. The Debtor is the sole signatory on the VDEC Bank Account and thus controls all funds in and out of that account.

17. Those funds held in the VDEC Bank Account as of the filing of the petition and the date of conversion to Chapter 7 constitute property of this bankruptcy estate pursuant to Section 541. The Debtor has failed and refused to comply with Section 521(a)(3) and (4), by failing to turn over the funds held in the VDEC account to the Trustee.

4

18. Rather than turning over the VDEC funds of $76,830.36 to Trustee as required, the Debtor continued to use those funds for his own purposes, including payment of the sum of $20,000.00 to BLG.

19. The funds paid to BLG from the VDEC Bank Account constitute property of this estate. Trustee has requested that BLG hold these funds, and upon information and belief, BLG is in fact still holding those funds. Pursuant to Section 542(a), those funds must be turned over to Trustee.

WHEREFORE, Trustee respectfully requests an order of this Court pursuant to 11 U.S.C. § 542(a), requiring BLG to turn over the funds in the sum of $20,000.00 received from VDEC to Trustee, on behalf of this estate.

Dated this 12th day of August, 2022.

                REAVES LAW GROUP

                By: /s/ *David M. Reaves* (SBN 011677)
                    David M. Reaves
                    Misty W. Weigle
                    Attorneys for Chapter 7 Trustee

COPY of the foregoing SERVED this 12th day of August, 2022, to:

Anthony Austin
Gerald L. Shelley
Fennemore Craig, P.C.
AAustin@FennemoreLaw.com
GShelley@FennemoreLaw.com
Attorneys for Charles Michael Colburn

Janel M. Glynn
The Burgess Law Group
Janel@TheBurgessLawGroup.com
Attorneys for Charles Michael Colburn

Steven D. Jerome
Emily Gildar Wagner
James G. Florentine
Snell & Wilmer L.L.P.
sjerome@swlaw.com
ewagner@swlaw.com
jflorentine@swlaw.com
Attorneys for MedMen Enterprises, Inc.

Elizabeth Amorosi
Office of the U.S. Trustee
elizabeth.c.amorosi@usdoj.gov

/s/ *Kathleen Arnold*

**CERTIFICATE OF SERVICE VIA CM/ECF SYSTEM**

In addition to the above, I hereby certify that on August 12, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

/s/ *Kathleen Arnold*