# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

|  |  |  |
|---|---|---|
| **Debtor:** | CHARLES MICHAEL COLBURN | |
| **Case Number:** | 2:21-BK-05407-MCW | **Chapter:** 7 |
| **Date / Time / Room:** | WEDNESDAY, SEPTEMBER 21, 2022 02:30 PM 7TH FLOOR #702 | |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE | |
| **Courtroom Clerk:** | TAYLER CARTER | |
| **Reporter / ECR:** | MARK TERAN | |

## *Matter:*

ORDER TO SHOW CAUSE TO CHARLES MICHAEL COLBURN, RANDY NUSSBAUM, AND JOSH KOLSRUD
CONCERNING DEBTOR'S DISCOVERY RESPONSES

**R / M #:** 613 / 0

## *Appearances:*

JOSHUA S.R. KOLSRUD, ATTORNEY FOR CHARLES MICHAEL COLBURN
ANTHONY W. AUSTIN, ATTORNEY FOR CHARLES MICHAEL COLBURN
GERALD L. SHELLEY, ATTORNEY FOR CHARLES MICHAEL COLBURN
DAVID M. REAVES, TRUSTEE
STEVEN D. JEROME, ATTORNEY FOR MEDMEN ENTERPRISES, INC.
RANDY NUSSBAUM, ATTORNEY FOR SACKS TIERNEY P.A.

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...    2:21-BK-05407-MCW                    WEDNESDAY, SEPTEMBER 21, 2022 02:30 PM

## *Proceedings:*

The Court received several discovery disputes regarding document turnover and why no attendant privilege log was created and turned over. The Court set this order to show cause hearing to understand and rectify the issues.

Mr. Jerome provides background. He notes Mr. Shelley understood no such documents were in the possession, custody, or control of prior counsel and co-counsel. There was no agreement between the parties not to create and produce a privilege log.

Mr. Kolsrud states his position. He brought the documents to give to Mr. Jerome. He discusses Mr. Jerome did not contact him for discovery. He responds to the Court's questions. He was retained as counsel to review the schedules and scheduling order and provide his opinion on what documents relate to Fifth Amendment privilege. He is not involved in the privilege log or the disclosure process. He cites case law.

Mr. Austin states his office received relevant correspondence from Mr. Nussbaum and reviewed the discovery responses, schedules, and notice of compliance.

Mr. Reaves has nothing to add.

Mr. Nussbaum states he identified the requested documents. He was informed of a privilege log issue when he received notice of this hearing. If Mr. Colburn waives the attorney-client privilege, he can try to provide the Court with an explanation.

COURT: THE COURT STATES IF DOCUMENTS ARE WITHHELD, AN EXPLANATION CONCERNING THE DOCUMENTS WITHHELD IS A FULSOME DISCOVERY RESPONSE. THE FAILURE TO PROVIDE A LOG IS TANTAMOUNT TO AN INADEQUATE LOG WHICH CAN BE CONSIDERED AS A WAIVER. MR. NUSSBAUM'S FAILURE TO PREPARE A PRIVILEGE LOG IS INEXPLICABLE AND INAPPROPRIATE.

Mr. Nussbaum responds to the Court's questions. He explains his non-involvement with the case since his withdrawal in December.

Mr. Austin suggests that Fennemore Craig, P.C. take possession of the documents that Mr. Kolsrud brought to be disclosed. His office will review the papers and work with Mr. Kolsrud to determine whether the documents are Fifth Amendment protected and prepare a privilege log.

Mr. Jerome informs the Court the 2019 tax return appeared on the privilege log provided by Mr. Stapleton.

Mr. Kolsrud apologizes to the Court. He received the 2019 tax return.

Mr. Austin responds to the Court's questions. He thinks two weeks is sufficient time to prepare a privilege log.

Case 2:21-bk-05407-MCW    Doc 651    Filed 09/21/22    Entered 09/27/22 17:30:02    Desc
Main    Page 2 of 3

# Minute Entry

(continue)...    **2:21-BK-05407-MCW**                    **WEDNESDAY, SEPTEMBER 21, 2022 02:30 PM**

Mr. Kolsrud clarifies most of the documents are from Mr. Nussbaum. There may be more documents in Mr. Nussbaum's file that he may not have.

Mr. Jerome expresses his concerns and reviews the Court's order at docket #448. He requests Mr. Nussbaum and Mr. Kolsrud review their files and file all their documents with Fennemore Craig, P.C. as a universal set.

COURT: THE COURT STATES THIS ISSUE IS NOT FULLY RESOLVED. THE COURT WILL ALLOW THE PARTIES AN OPPORTUNITY TO EXCHANGE INFORMATION TO SEE IF ANY RESOLUTION CAN BE AGREED-UPON WITHOUT FURTHER COURT INVOLVEMENT.

MR. KOLSRUD AND MR. NUSSBAUM SHALL FILE A CERTIFICATION THAT THEIR ENTIRE FILE IS TURNED OVER TO FENNEMORE CRAIG, P.C. IT IS FURTHER ORDERED ESTABLISHING **THURSDAY, OCTOBER 6, 2022** AS THE DATE CERTAIN FOR FENNEMORE CRAIG, P.C. TO FILE A PRIVILEGE LOG. IT IS FURTHER ORDERED SETTING A CONTINUED HEARING FOR **TUESDAY, NOVEMBER 8, 2022 AT 8:30 AM**.

Mr. Nussbaum asks the Court if there is an option to appear via videoconference at the continued hearing.

Mr. Jerome has no objection to Mr. Nussbaum appearing via videoconference.

COURT: THE COURT ENCOURAGES PERSONAL APPEARANCE. HOWEVER, THE COURT IS AGREEABLE IF MR. NUSSBAUM SEEKS TO APPEAR AT THE CONTINUED HEARING VIA VIDEOCONFERENCE.