# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

| | |
|---|---|
| Debtor: | CHARLES MICHAEL COLBURN |
| Case Number: | 2:21-BK-05407-MCW    Chapter: 7 |
| Date / Time / Room: | TUESDAY, NOVEMBER 08, 2022 08:30 AM   VIDEO CONF HRGS |
| Bankruptcy Judge: | MADELEINE C. WANSLEE |
| Courtroom Clerk: | TAYLER CARTER |
| Reporter / ECR: | MICHELLE RADICKE-STEVENSON |

## Matters:

1) EXPEDITED HEARING ON STIPULATED MOTION FOR STRUCTURED DISMISSAL
   R / M #:   0 / 0

2) CONTINUED STATUS HEARING
   R / M #:   602 / 0

3) CONTINUED ORDER TO SHOW CAUSE TO CHARLES MICHAEL COLBURN, RANDY NUSSBAUM, AND JOSH KOLSRUD CONCERNING DEBTOR'S DISCOVERY RESPONSES
   R / M #:   613 / 0
   VACATED:   IN OPEN COURT ON 10-12-2022, MATTER CONTINUED TO 11-09-2022 AT 2:00 PM

4) CONTINUED TRUSTEE'S MOTION FOR TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542 (THE BURGESS LAW GROUP)
   R / M #:   594 / 0
   VACATED:   IN OPEN COURT ON 10-12-2022, MATTER CONTINUED TO 11-09-2022 AT 2:00 PM

5) CONTINUED MAY, PONTENZA, BARAN, & GILLESPIE, P.C.'S AMENDED MOTION TO WITHDRAW AS COUNSEL FOR UNISYS TECHNICAL SOLUTIONS, LLC WITH CLIENT CONSENT
   R / M #:   429 / 0
   VACATED:   IN OPEN COURT ON 10-12-2022, MATTER CONTINUED TO 11-09-2022 AT 2:00 PM

## Appearances:

GERALD L. SHELLEY, ATTORNEY FOR CHARLES MICHAEL COLBURN
DAVID M. REAVES, TRUSTEE
ELIZABETH AMOROSI, ATTORNEY FOR U.S. TRUSTEE
STEVEN D. JEROME, ATTORNEY FOR MEDMEN ENTERPRISES, INC.
WARREN J. STAPLETON, ATTORNEY FOR MAY, POTENZA, BARAN, & GILLESPIE, P.C
SHELTON L. FREEMAN, ATTORNEY FOR KANNABOOST TECHNOLOGY, INC., CSI SOLUTIONS, LLC
RANDY NUSSBAUM, ATTORNEY FOR SACKS TIERNEY P.A.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:21-BK-05407-MCW          TUESDAY, NOVEMBER 08, 2022 08:30 AM

## *Proceedings:*

**Matter 1 and 2:**

Mr. Jerome provides an update. He received confirmation that the settlement is going forward. He requests the Court to continue the hearing to allow the parties to resolve or narrow the issues. He believes the Court can enter a separate order vacating the Rule 2005 order. He explains funds received by Medmen Enterprises, Inc. under the settlement come from non-debtor parties. If the funds are deemed to come from Mr. Colburn to MedMen Enterprises, Inc., they are less than the amount that has been judicially determined in the state court action.

The Court expresses its concerns regarding payment to MedMen Enterprises, Inc. under the settlement agreement.

Mr. Jerome is happy to provide information to the Court concerning the wire transfers.

Mr. Reaves states he received the settlement funds from the title company and anticipates the conclusion of the case will be easier. He is working with the parties to draft the settlement agreement to ensure that the distribution is in accordance with the U.S. bankruptcy code and the U.S. trustee's guidelines.

Mr. Stapleton does not object to continuing the hearing on the motion. His law firm requests a copy of the settlement agreement.

Mr. Freeman does not object to continuing the hearing on the motion.

Mr. Nussbaum does not object to continuing the hearing on the motion.

Mr. Shelley requests the Court enter an order immediately lifting the Rule 2005 order. He anticipates the parties will settle by November 22, 2022. He responds to the Court's questions. The Court and the creditors have a right to review the settlement agreement. He hopes the parties can enter into a confidentiality agreement.

COURT: THE COURT NOTES THE DEBTOR'S SCHEDULES AND STATEMENTS ARE NOT AMENDED AND QUESTIONS THE INDEPENDENT INVESTIGATION COUNSEL HAS TAKEN TO ENSURE COMPLETE AND ACCURATE SCHEDULES AND STATEMENTS ARE ON FILE.

Mr. Shelley informs the Court he does not have any additional information regarding the Debtor's address.

Mr. Jerome states he served subpoenas to obtain the Debtor's credit report and received objections from the credit agencies.

Ms. Amorosi responds to the Court's questions. She thinks this is an irregular way to close a chapter 7

(continue)...    2:21-BK-05407-MCW          TUESDAY, NOVEMBER 08, 2022 08:30 AM

case.

Mr. Reaves suggests to the extent the Debtor seeks dismissal of the case, the Debtor can consent to the credit report and include in the order that all creditors get 30 days to submit a claim from the entry of the order.

Mr. Shelley responds to the Court's questions. He has not seen the Debtor's credit report and believes the creditors had ample opportunity to come forward. He thinks dismissal of the case is essential for a settlement.

COURT: THE COURT STATES THERE SHOULD BE A LEVEL OF ANALYSIS OR RESEARCH INDEPENDENTLY DETERMINING THAT NOTICE HAS BEEN GIVEN TO ALL THE CREDITORS.

Mr. Jerome clarifies his client does not seek to prejudice any creditor. He will work with the Trustee and the U.S. trustee to pay all the creditors. He explains that obtaining the credit report through a subpoena is a longer process instead of the Debtor requesting a copy of his credit report.

Mr. Shelley thinks it might be helpful for him and Mr. Colburn to review any creditors listed on the credit report and notify the Court if the creditors can participate in the distribution.

COURT: IT IS ORDERED SETTING A CONTINUED HEARING ON THE STIPULATED MOTION FOR STRUCTURED DISMISSAL FOR **TUESDAY, NOVEMBER 22, 2022 AT 2:00 PM**. MR. JEROME MAY UPLOAD A FORM OF ORDER VACATING THE 2005 ORDER UPON MR. SHELLEY'S REVIEW.

Mr. Jerome believes the motion to withdraw can proceed on November 09, 2022.

Mr. Stapleton responds to the Court's questions. He requests the Court grant the motion to withdraw and set the Rule 2016 issue for hearing. Otherwise, the motion can continue to November 22, 2022.

COURT: THE HEARING ON MAY, PONTENZA, BARAN, & GILLESPIE, P.C.'S AMENDED MOTION TO WITHDRAW AS COUNSEL FOR UNISYS TECHNICAL SOLUTIONS, LLC WITH CLIENT CONSENT WILL REMAIN ON THE COURT'S CALENDAR FOR **WEDNESDAY, NOVEMBER 09, 2022 AT 2:00 PM**.

Mr. Reaves responds to the Court's questions. He asks the Court to continue the motion for turnover of estate property to November 22, 2022 at 2:00 PM.

COURT: IT IS ORDERED VACATING THE HEARING ON WEDNESDAY, NOVEMBER 09, 2022 AT 2:00 PM AND CONTINUING THE TRUSTEE'S MOTION FOR TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542 (THE BURGESS LAW GROUP) TO **TUESDAY, NOVEMBER 22, 2022 AT 2:00 PM.**

Mr. Nussbaum states he turned over the file to Mr. Shelley's firm. He questions if his participation is appropriate or necessary in future proceedings.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   2:21-BK-05407-MCW         TUESDAY, NOVEMBER 08, 2022 08:30 AM

Mr. Jerome thinks the order to show cause hearing can be subject to recall. He will work with Mr. Shelley on the privilege log.

COURT: IT IS ORDERED VACATING AND SUBJECT TO RECALL THE HEARING ON THE ORDER TO SHOW CAUSE TO CHARLES MICHAEL COLBURN, RANDY NUSSBAUM, AND JOSH KOLSRUD CONCERNING DEBTOR'S DISCOVERY RESPONSES.

THE COURT AUTHORIZES MR. NUSSBAUM'S ABSENCE AT THE HEARINGS SET FOR **WEDNESDAY, NOVEMBER 09, 2022** AND **TUESDAY, NOVEMBER 22, 2022.**

Mr. Shelley asks to be excused from the motion to withdraw hearing on Tuesday, November 09, 2022.

COURT: THE COURT AUTHORIZES MR. SHELLEY'S ABSENCE.

**Matter 3:**

VACATED: IN OPEN COURT ON 10-12-2022, MATTER CONTINUED TO WEDNESDAY, NOVEMBER 09, 2022 AT 2:00 PM.

**Matter 4:**

VACATED: IN OPEN COURT ON 10-12-2022, MATTER CONTINUED TO WEDNESDAY, NOVEMBER 09, 2022 AT 2:00 PM.

**Matter 5:**

VACATED: IN OPEN COURT ON 10-12-2022, MATTER CONTINUED TO WEDNESDAY, NOVEMBER 09, 2022 AT 2:00 PM.